**Ricardo Fontes BENAVIDEZ; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–72956.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**745**

Ricardo Fontes Benavidez, Perris, CA, pro se.

Olivia Pantoja Loza, Perris, CA, pro se.

District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Justin Robert Markel, Trial, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Ricardo Fontes Benavidez and his wife Olivia Pantoja Loza, natives and citizens of Mexico, petition pro se for review of the decision of the Board of Immigration Ap-

peals denying their application for cancellation of removal based on their failure to establish exceptional and extremely unusual hardship to their qualifying relatives.

Petitioners contend that the BIA erred by failing to properly consider evidence of their United States citizen son's psychological treatment.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to demonstrate the requisite hardship to their qualifying relatives. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005). We have jurisdiction to consider constitutional claims, *see Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir.2003), but petitioners have failed to raise a colorable constitutional claim. Contrary to the petitioners' assertion, the BIA did review evidence of their son's psychological treatment, and properly concluded that petitioners failed to present any evidence that their United States citizen son's condition would result in the requisite hardship.

Petitioners also contend that the BIA erred in not considering that petitioners' criminal offenses were treated as misdemeanors. The BIA, however, had no need to consider petitioners' prior convictions where the BIA relied on petitioners' dispositive failure to establish hardship in denying the cancellation application. *See INS v. Bagamasbad*, 429 U.S. 24, 25, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976).

**PETITION FOR REVIEW DISMISSED.**

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.